

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Shepperd
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion O-4401
Re: Whether use tax must be
paid by person moving to
Texas from another state
on automobile brought
with him.

In your letter of February 2, 1942, you submit the following facts:

Heretofore a person has purchased an automobile in the State of New Mexico at a time when he was a resident of that State. He now moves his residence to Texas and brings the car with him for use upon the highways of this State. You request our opinion as to whether or not the use tax levied by Section 2, Article 6, House Bill No. 8, 47th Legislature, must be paid as a requisite of the registration of this vehicle in Texas. Section 1-a and Section 2, Article 6, read as follows:

"There is hereby levied a tax upon every retail sale of every motor vehicle sold in this State, such tax to be equal to one (1) per cent of the total consideration paid or to be paid to the seller by the buyer, which consideration shall include the amount paid or to be paid for said motor vehicle and all accessories attached thereto at the time of the sale, whether such consideration be in the nature of cash, credit, or exchange of property, or a combination of these. In the event the consideration received by the seller includes any tax imposed by the Federal Government, then such Federal tax shall be deducted from such consideration for the purpose of computing the amount of tax levied by this Article upon such retail sale. . . .

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"There is hereby levied a use tax upon
every motor vehicle purchased at retail sale
outside of this State and brought into this
State for use upon the public highways there-
of by a resident of this State or by firms
or corporations domiciled or doing business
in this State. Such tax shall be equal to
one (1) per cent of the total consideration
paid or to be paid for said vehicle at said
retail sale. The tax shall be the obliga-
tion of and be paid by the person, firm, or
corporation operating said motor vehicle
upon the public highways of this State."

It is noted that the use tax does not apply
to cases already reached by the sales tax levied in
Section 1. The use tax levied in Section 2 is com-
pensatory to the sales tax levied in Section 1. As
pointed out in our Opinion No. O-3486, one of the
effects of such compensatory tax must be that re-
tail sellers in Texas will be helped to compete upon
terms of equality with retail dealers in other states
who are exempt from a sales tax or any corresponding
burden. Another effect, or at least another tendency,
must be to avoid the drain upon the revenues of the
State, buyers not being tempted to place their orders
in other states in the effort to escape payment of
the tax on local sales.

We would say that in normal course of business
a man purchases his automobile in the State of his
residence, the contrary being unusual rather than the
usual thing done. As a general rule the fact that Texas
levies the sales tax in Section 1 has not been a factor
causing the non-resident to purchase his automobile in
the State of his residence. The Texas Act had no
influence on the place of purchase and will not in-
fluence such purchases in the future as a general
thing.

We think the language of Section 2 contem-

plates that the tax should be due only in case the purchaser is a resident of this State at the time of purchase as well as at the time he brings the car into this State. As noted from the above, a contrary construction is not required, either to eliminate the temptation of buyers to place their orders in other states in order to escape the sales tax or to bring about equality of competition between retail dealers in this State and the other state. Our answer to your question, therefore, is that the use tax is not due under the fact situation above outlined. Whether the automobile was purchased before or after May 1, 1941, the effective date of House Bill 8, is immaterial.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 16 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:BT

